UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2006-17, ASSET-BACKED CERTIFICATES SERIES 2006-17,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD KIELTY TRUST; an entity of unknown form; CANYON TRAILS HOMEOWNERS ASSOCIATION, a Nevada non-profit corporation; TERRA WEST COLLECTIONS GROUP, LLC d/b/a ASSESSMENT MANAGEMENT SERVICES; DOE INDIVIDUALS I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:17-cv-01759-RFB-PAL<br><br>ORDER |
| EDWARD KIELTY TRUST, a Nevada Trust,<br><br>Counterclaimant,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2006-17, ASSET-BACKED CERTIFICATES SERIES 2006-17,<br><br>Counterdefendant. | |

## I. INTRODUCTION

Before the Court are four motions: (1) Edward Kielty Trust's ("the Trust") Motion for Summary Judgment, ECF No. 33; (2) Deutsche Bank National Trust Company's ("Deutsche Bank") Motion for Summary Judgment, ECF No. 34; (3) Canyon Trails Homeowners

Association's ("the HOA") Motion for Summary Judgment, ECF No. 37; and, (4) Deutsche Bank's Motion for Leave to File Notice of Supplemental Authorities, ECF No. 49.

The Court grants the Motion for Leave to File Notice of Supplemental Authorities and considers the competing motions for summery judgment below.

## II. PROCEDURAL BACKGROUND

This matter arises from a nonjudicial foreclosure sale conducted by a homeowners' association under Nevada Revised Statutes ("NRS") Chapter 116 in 2014. ECF No. 1.

Plaintiff Deutsche Bank sued Defendants the Trust, the HOA, Terra West Collections Group, LLC dba Assessment Management Services ("Terra West") on June 26, 2017. Id. In the complaint, Deutsche Bank alleges the following claims: (1) quiet title or declaratory relief under 28 U.S.C. § 2201, NRS 30.010 *et seq.*, and NRS 40.010; (2) declaratory relief under the Fifth and the Fourteenth Amendments to the federal constitution; (3) quiet title under the Fifth and Fourteenth Amendments to the federal constitution against the Trust; (4) permanent and preliminary injunction against the Trust; and (5) unjust enrichment; (6) wrongful or statutorily defective foreclosure against the HOA and Terra West; (7) negligence against the HOA and Terra West; (8) negligence per se against the HOA and Terra West; (9) breach of contract against the HOA; (10) misrepresentation against the HOA; (11) breach of covenant of good faith and fair dealing against the HOA and Terra West; (12) tortious interference with contract against the HOA and Terra West.[1] On July 12, 2017, Deutsche Bank also filed a notice of lis pendens. ECF No. 4.

On August 14, 2017, the Trust answered the complaint and filed two counterclaims against Deutsche Bank: (1) declaratory relief or quiet title under NRS 30.010 *et seq.*, NRS 40.010, and NRS 116.3116 and (2) preliminary and permanent injunction. ECF No. 9. Deutsche Bank answered the counterclaim on September 21, 2017. ECF No. 15.

On October 6, 2017, Deutsche Bank moved the Clerk of the Court for entry of default against Terra West and the HOA. ECF Nos. 19, 20. The Clerk entered default against both

---

[1] Deutsche Bank listed both claim ten and claim twelve as "TENTH CAUSE OF ACTION." ECF No. 1 at 20, 22. The Court refers to the claims by the numbers assigned to them in this Order.

- 2 -

Defendants. ECF No. 21. But the HOA was reinstated in the matter by the parties' stipulation to set aside the Clerk's entry of default as to the HOA. ECF No. 23, 24. The HOA then answered the complaint. ECF No. 25.

Now, three parties move for summary judgment: the Trust, ECF No. 33; Deutsche Bank, ECF No. 34, and the HOA, ECF No. 37. All three motions are fully briefed. ECF Nos. 38–41 (oppositions); 42–43, 45 (replies).

Deutsche Bank also moves for leave to file notice of supplemental authorities. ECF No. 49. No oppositions were filed. ECF No. 51; see also docket generally.

### III. FACTUAL BACKGROUND

#### a. Undisputed Material Facts

The Court finds the following facts to be undisputed. This matter concerns a property located at 9252 Ansley Court, Las Vegas, Nevada 89148. The property sits in a community governed by the HOA, which imposes $18 per month in homeowners assessments. Homeowners in the community must make timely payments of the assessments. The community is also subject to a Declaration of Covenants, Conditions and Restrictions ("CC&Rs"), which were recorded on April 6, 2001. The CC&Rs contain a provision that provides: "a lien under [Section 18.3(b)] is prior to all other liens and encumbrances on a Unite except … a first Security Interest on the Unit recorded before the date on which the assessment sought to be enforced becomes delinquent."

On May 25, 2006, Sellapperumage Fernando and Benetge Perera ("Perera") financed the purchase of the property through GreenPoint Mortgage Funding, Inc. During the closing process on the purchase, the escrow company issued Closing Instructions that identified the $18 monthly assessment. The lender also issued Closing Instructions that identified the property as being listed in a Planned Unit Development and that required the Title Policy "ensure that the covenants, conditions and restrictions contain a mortgagee protection clause and no revisionary rights." GreenPoint also prepared a Planned Unit Development Rider ("PUD"), which recognized the homeowners assessments fees and GreenPoint's ability to pay the assessments if Perera defaulted.

/ / /

The promissory note executed by Perera was secured by a deed of trust. The deed of trust was recorded on June 15, 2006 as document 5601. It identified Mortgage Electronic Registration Systems, Inc. ("MERS") as acting solely as nominee for lender and lender's successors and assigns, as the beneficiary. It also identified Marin Conveyancing Corp. as the trustee. The deed of trust secured the note in the amount of $236,000.00.

On August 14, 2009, after Perera became delinquent in the homeowner assessments, Terra West recorded a notice of delinquent assessment on behalf of the HOA. The notice stated $830.23 was due, which included fees and costs of collection. The notice was not mailed return-receipt requested to the current beneficiary of the deed of trust.

On February 4, 2010, Terra West filed a notice of default and election to sell on behalf of the HOA. The notice of default stated the amount owed to the HOA was $1,969.23. The total due included fees and costs of collection and was not mailed return-receipt requested to the current beneficiary of the deed of trust. But the notice stated that failure to pay the amount specified could result in the receiver losing the home "EVEN IF THE AMOUNTS IS IN DISPUTE!"

On March 8, 2010, a corporation assignment of deed of trust was recorded. The assignment states that MERS assigned all beneficial interests under the deed of trust to Deutsche Bank National Trust Company, as Trustee on Behalf of the Certificateholders of PFCA Home Equity Investment Trust, DBALT 2004-G2 (GPM C57). A corrective corporate assignment of deed of trust was later recorded—on November 5, 2015—correcting the assignee on the March 8, 2010 recording to be Deutsche Bank, Plaintiff in this matter.

On September 20, 2010, Perera filed for bankruptcy. Perera was discharged from the bankruptcy proceeding on January 12, 2011.

On November 8, 2011, Terra West mailed Perera a statement that the only assessments currently due, post-bankruptcy, were $620.75. The ledger detailing the assessments owed began on September 20, 2010—the date Perera filed for bankruptcy.

On January 20, 2012, Terra West filed a second notice of delinquent assessment lien on behalf of the HOA. The notice stated that $1,198.42 was due, which included fees and costs. It was not mailed return-receipt to the beneficiary of the deed of trust.

On June 6, 2012, a second notice of default and election to sell was recorded, stating the amount due was $1,497.12. The amount included fees and costs. Like the other notices, it was not mailed return-receipt requested to the beneficiary of the deed of trust.

The second notice of delinquent assessment was rescinded on September 10, 2012. The same day, Terra West recorded a notice of claim of amended delinquent assessment on behalf of the HOA. The notice stated a lien amount of $3,907.20. The amount included fees, costs of collection, and pre-bankruptcy and post-bankruptcy assessment. It states the lien complies with the applicable CC&Rs. It was not mailed to the beneficiary of the deed of trust.

The second notice of default and election to sell was rescinded on October 12, 2012. Terra West also recorded a notice of default and election to sell under homeowners' association lien that day on behalf of the HOA. The amount stated as owed was $3,857.67 (less than that claimed in the notice recorded a month earlier). The notice included amounts for fees and costs of collection and was not mailed return-receipt requested to the beneficiary of the deed of trust.

On March 26, 2013, Terra West sent a statement of account to the servicer for Deutsche Bank's processor-in-interest, Bank of America. In the correspondence, Terra West demands $4,473.98 in assessments, fees, and costs of collection on behalf of the HOA.

On March 28, 2013, Bank of America retained a law firm to determine and to tender the super-priority portion of the HOA lien. On April 4, 2013, Terra West sent the law firm an updated statement of account. The statement included collection fees and costs and charges for a separate lien. It also failed to identify the super-priority portion of the lien. An attorney from the firm then sent a check for $248.40, covering nine months of the then monthly $27.60 assessment. Terra West received the tender on April 26, 2013, rejecting it upon delivery from Nevada Legal Wings— the runner. The rejection slip did not state corresponding with the running service did not provide Terra West's reason for the rejection. But no evidence exists to suggest Terra West or the HOA agreed to the amount satisfying its super-priority lien. Edward Kielty, the Trustee for the Trust, was President of Nevada Legal Wings at the time of the attempted delivery.

On December 12, 2013, Terra West recorded a notice of foreclosure sale on behalf of the HOA. The notice stated the amount due was $6,228.92. The amount includes fees and costs for

- 5 -

collection and future assessments in anticipation for foreclosure. It also included an amount detailed as "Real Property Transfer Tax" and recording costs for the foreclosure sale deed, neither of which were incurred until January 2014. The notice also states the sale was being conducted in accordance with the CC&Rs. It also states the "sale will be made without covenant or warranty, expressed or implied regarding, but not limited to, title or possession, or encumbrances, or obligations to satisfy any secured or unsecured liens." Like the previous notices, the notice was not sent return-receipt requested to the beneficiary of record.

The Trust purchased the property at a nonjudicial foreclosure sale on January 6, 2014 for $18,500.00. The trustee's deed upon sale was recorded on January 13, 2014 "without warranty express or implied" as to title. The trustee's deed upon sale stated that in complied with all legal requirements.

### b. Disputed Material Facts

Deutsche Bank contends its predecessor-in-interest tendered an amount sufficient to discharge the super-priority portion of the HOA's lien.

The Trust contends Deutsche Bank acquired its interest after the foreclosure sale via the corrective assignment of the deed of trust and that the recording of the CC&Rs constituted record notice and perfection of the HOA's lien for delinquent assessments, making the lien first-in-time and first-in-right in relation to Deutsche Bank's deed of trust. The Trust also contests Deutsche Bank's estimate of the fair market value of the property at the time of the foreclosure time: $157,000.00. Deutsche Bank also disputes the HOA and the Trust's contention that the trustee's deed upon sale is conclusive proof of the Trust taking title to the property as of January 6, 2014.[2]

The HOA contends that the alleged tender in response to its lien was not made unconditionally because of the accompanying letter, stating:

> This is a non-negotiable amount and any endorsement of said cashier's check on your part, whether express or implied, will be strictly construed as an unconditional acceptance on your part of the facts stated herein and express agreement that BANA's financial obligations towards the HOA in regards to the [Property] have now been "paid in full."

---

[2] The Court takes judicial notice of the publicly recorded documents related to the property. Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001).

## IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

## V. DISCUSSION

Deutsche Bank, the Trust, and the HOA each move for summary judgment. Deutsche Bank moves for summary judgment on several grounds. It first argues that its predecessor-in-interest tendered an amount to the HOA and Terra West to satisfy the super-priority portion of the HOA's lien prior to the foreclosure sale but the tender was wrongly rejected. It also argues that the foreclosure was conducted in a commercially unreasonable manner because: tender was rejected; costs not yet incurred were included in the recorded notices; the foreclosure violated the CC&Rs; the recorded notices included improper fees; the recorded notices failed to identify the super-priority portion of the HOA's lien; and the recorded notices contained multiple errors. Deutsche Bank then argues that the Trust was not a bona fide purchaser. It finally argues that NRS Chapter 116 is facially unconstitutional under the Due Process Clause of the federal constitution.

The Trust begins its summary judgment, asserting that the claims for declaratory relief or quiet title are ripe for decision and that the foreclosure deed is presumed valid as a matter of law.

It therefore requests an order that declares the foreclosure valid for two reasons. The Trust first contends that Deutsche Bank had notice the deed of trust was extinguished at the time it purchased the foreclosure sale since the foreclosure sale occurred prior to the assignment of the deed of trust to Deutsche Bank and the Nevada Supreme Court issued its decision in SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408 (Nev. 2014) (holding a homeowners' association's lien under NRS Chapter 116 is a true super-priority lien). Second, the Trust argues that it qualifies as a bona fide purchaser.

Lastly, the HOA moves for summary judgment. It argues that Deutsche Bank cannot seek to quiet title against the HOA since both the HOA and Deutsche Bank only ever possessed a lien interest in the property rather than a claim to title. It then argues that equity considerations should not apply since Deutsche Bank has an adequate remedy at law. The HOA continues on to argue that it complied with NRS Chapter 116 and that the statutory scheme is not unconstitutional. It ends by moving for summary judgment on each of Deutsche Bank's state law claims. The Court considers each of the issues raised by the parties below.

### a. Right to Quiet Title

The Court first determines if Deutsche Bank may seek declaratory relief to quiet title to the property against the HOA and the other Defendants. The Court finds it may. Under Nevada law, "[a]n action may be brought by any person against another who claims an estate *or interest in real property, adverse to the person bringing the action*, for the purpose of determining such adverse claim." Chapman v. Deutsche Bank Nat'l Tr. Co., 302 P.3d 1103, 1106 (Nev. 2013) (emphasis added). Deutsche Bank sues for declaratory relief regarding its alleged lien interest in the property, specifically seeking to set aside the foreclosure. If the Court grants such relief, the matter will result in the reinstatement of the HOA's lien interest. Because the matter concerns the interests, or lack thereof, of each party, the Court finds Deutsche Bank properly asserted it against each Defendant, including the HOA. See also NRS 30.130 ("When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.").

### b. Constitutionality of NRS Chapter 116

The Court next turns to Deutsche Bank's argument that NRS Chapter 116 facially violates its constitutional procedural due process rights because the statutory scheme fails to require written notice to interest holders like Deutsche Bank. The Court finds Deutsche Bank's claims based on due process arguments fail as a matter of law.

In <u>Bourne Valley Court Trust v. Wells Fargo Bank, NA</u>, the Ninth Circuit held that the opt-in notice scheme outlined in NRS Chapter 116 did not meet the minimum requirements of constitutional due process and that NRS 116.31168 did not incorporate the notice requirements of NRS 107.090. 832 F.3d 1154, 1158–59 (9th Cir. 2016), <u>cert. denied,</u> 137 S. Ct. 2296 (2017). This holding was based upon the Ninth Circuit interpreting the statutory scheme of NRS Chapter 116 as setting forth an "opt-in" notice requirement. Importantly, the Nevada Supreme Court had not yet construed the interplay between NRS 116.31168 and NRS 107.090.

However, following the <u>Bourne Valley</u> decision, the Nevada Supreme Court considered the relation between the two statutes and held that NRS 116.31168 incorporated the notice requirements of NRS 107.090. <u>SFR Investments Pool 1, LLC v. Bank of New York Mellon</u>, 422 P.3d 1248, 1252 (Nev. 2018). Thus, the Nevada Supreme Court found notice to be mandatory to interest holders like Deutsche Bank. <u>Id.</u> As the Nevada Supreme Court had not previously had an opportunity to explicitly construe the respective state statutes in terms of their notice requirements and as the Nevada Supreme Court is the final arbiter of the construction of Nevada statutes, this Court must follow the Nevada Supreme Court's interpretation of Nevada statutes in this case. <u>California Teachers Ass'n v. State Bd. of Educ.</u>, 271 F.3d 1141, 1146 (9th Cir. 2001) (explaining that "it is solely within the province of the state courts to authoritatively construe state legislation"); <u>Owen By & Through Owen v. United States</u>, 713 F.2d 1461, 1464 (9th Cir. 1983) (noting that Ninth Circuit's interpretation of state law is only binding to the extent there is no subsequent indication from the state court that the interpretation was incorrect).

This Court has previously found consistent with the Nevada Supreme Court's interpretation of Nevada law that NRS 107.090 as incorporated by the Nevada HOA lien statute satisfies due process requirements. <u>JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC</u>, 200 F. Supp.

3d 1141, 1160–61 (D. Nev. 2016). The Court incorporates that prior reasoning by reference. Based upon the holding of the Nevada Supreme Court in SFR Investments Pool 1 and this Court's prior analysis, the Court finds that Nevada's statutory scheme in NRS Chapter 116 does not violate due process. Therefore, Deutsche Bank's contention that the statute facially violates its due process rights fails as a matter of law.

Further, the Court does not find that the notice in this case deprived Deutsche Bank of due process under the federal constitution. Before a state takes any action that will adversely "affect an interest in life, liberty, or property . . . , a State must provide 'notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 795 (1983) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). "The notice must be of such nature as reasonably to convey the required information, . . . and it must afford a reasonable time for those interested to make their appearance." Mullane, 339 U.S. at 315 (citations and quotations omitted). And "if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied." Id. The Court finds that Deutsche Bank's predecessor-in-interest received actual and constructive notice of HOA liens and Terra West's intent to sell the property long before the foreclose. Indeed, Deutsche Bank's predecessor-in-interest actually communicated with Terra West about the super-priority portion of the lien and appears to have submitted a tender months before the sale. Deutsche Bank thus had sufficient opportunity to invoke whatever means available, including court intervention, to prevent or halt the sale. It did not. Its due process claims must consequently fail as a matter of law. The Court grants summary judgment in favor of Defendants on claim two and claim three accordingly.

### c. Tender

Deutsche Bank next argues that its predecessor-in interest tendered nine months of assessments, thereby extinguishing the super-priority portion of the HOA's lien. The Trust argues that, even so, the amount required to discharge the super-priority portion of the HOA's lien includes fees expressly allowed for under the law, *e.g.*, maintenance and nuisance abatement fees

The super-priority component of an HOA lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the sub-priority component consists of "all other HOA fees and assessments." SFR Investments Pool 1 v. U.S. Bank, 334 P.3d 408, 411 (Nev. 2014). The Court finds there are genuine issues of disputed fact as to the actual amount of the super-priority portion of the HOA lien. This issue must therefore proceed to trial for resolution.

Importantly, the Court does not find upon the undisputed facts that the tender was insufficient because it was conditional. To the extent the tender was conditional, the Court finds that the conditions were ones on which Deutsche Bank's predecessor had a right to insist. The tender was presented with the following condition:

> This is a non-negotiable amount and any endorsement of said cashier's check will be strictly construed as an unconditional acceptance on your part of the facts stated herein and express agreement that BANA's financial obligations towards the OA in regards to the real property located at 276 Big Horn Drive have now been 'paid in full.'

ECF No. 55, Exhibit 8-5. The Nevada Supreme Court has expressly held that this precise language constitutes a condition upon which a tenderer has the right to insist. Bank of Am., N.A. v. SFR Investments Pool 1, LLC, 427 P.3d 113, 116–18 (Nev. 2018). The Court incorporates the Nevada Supreme Court's reasoning by reference and finds that the tender did not carry an improper condition. However, the issue of whether the tender extinguished the super-priority lien will proceed to trial.

Finally, the Court also finds that the issue of the tender in this case and the parties' conduct and correspondence surrounding the tender also create the possibility that Deutsche Bank may prevail on its equitable claim for setting aside the foreclosure sale in this case. See Shadow Wood Homeowners Ass'n v. New York Community Bancorp, Inc., 366 P.3d 1105, 1111–12 (Nev. 2016). The Nevada Supreme Court in Shadow Wood held that a foreclosure sale may be set aside on equitable grounds if there is "fraud, unfairness or oppression." Id. The Court finds that there are genuine issues of disputed fact regarding this equitable claim that must be decided by a trial.

#### d. CC&Rs

The Court now turns to the arguments pertaining to the CC&Rs. To the extent Deutsche Bank relies on violations of the CC&Rs to assert its claims, the Court finds that a foreclosure sale cannot be invalidated by a homeowners' association's failure to comply with a requirement in its CC&Rs. NRS 116.1104 states that, absent express statutory language to the contrary, provisions of NRS Chapter 116 "may not be varied by agreement, and rights conferred by it may not be waived." NRS Chapter 116 does not expressly provide that a declaration can set forth additional notice requirements that, unless satisfied, negate the status of the super-priority portion of an HOA's lien. Any alleged failure of Defendants to comply with the HOA's CC&Rs is therefore not a basis upon which Deutsche Bank may prevail. See SFR Investments, 334 P.3d at 418–19 (holding that the bank's argument that a mortgage savings clause in the CC&Rs subordinated the HOA's super-priority lien was defeated by NRS 116.1104 and stating that "[t]he mortgage savings clause thus does not affect NRS 116.3116(2)'s application in this case"). The Court grants summary judgment in favor of Defendants to the extent that Deutsche Bank's claims are based on violations of the CC&Rs.

#### e. Commercial Unreasonableness

In its complaint, Deutsche Bank alleges the foreclosure sale was commercially unreasonable for several reasons: (1) the sale price was substantially lower than the fair market value; (2) tender was rejected prior to the sale; (3) the sale violated the CC&Rs; (4) the recorded notices included costs not yet incurred and improper fees; (5) the recorded notices failed to identify the super-priority portion of the HOA's lien; and (6) the recorded notices contained errors amounting to misrepresentations. The Court rejects the first three reasons based on the analysis of tender and of compliance with the CC&Rs above.

Deutsche Bank's arguments regarding commercial reasonableness or inadequacy of price must be rejected based upon Nevada law and clear Nevada Supreme Court precedent. NRS Chapter 116 does not contain any provisions requiring that an HOA foreclosure sale be commercially reasonable, nor does it provide for parties to be able to set aside foreclosure sales as being commercially unreasonable.

Chapter 116 *does* require that "[e]very contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement." NRS 116.1113. "Good faith" is defined in the Nevada Revised Statutes as meaning "honesty in fact and the observance of reasonable commercial standards of fair dealing." NRS 104.1201(t). This definition only applies, however, to the extent that an action is governed by another article of the Uniform Commercial Code ("UCC") as adopted in Nevada. NRS 104.1102.

The Nevada Supreme Court has clearly held that HOA foreclosure sales are not governed by the commercial reasonableness standard of the UCC as adopted in Nevada:

> [W]e hold that [commercial reasonableness] has no applicability in the context of an HOA foreclosure involving the sale of real property. As to the Restatement's 20-percent standard, we clarify that Shadow Wood did not overturn this court's longstanding rule that inadequacy of price, however gross, is not in itself a sufficient ground for setting aside a trustee's sale absent additional proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price.

Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon, 405 P.3d 641, 642–43 (Nev. 2017) (internal citations omitted). Thus, Plaintiff's arguments in this regard are contrary to Nevada law and must be rejected.

Further, the Court finds that the notices in this case contained the requisite information as required by Nevada law at the time, including NRS 116.31162 and NRS 116.311635. These relevant notice statutes did not require at that time any separate identification of a "super-priority" section with an amount. NRS 116.31162 only required identification of the "deficiency in payment." The notices in this case had an appropriate identification of the deficiency.

In addition, Deutsche Bank contends that the following errors amount to NRS Chapter 116 violations and should result in the foreclosure sale being set aside: inclusion of pre-bankruptcy assessments despite stating otherwise; references to incorrect recording dates; and stating notices were sent return-receipt requested despite not doing so. The Court finds that Deutsche Bank has not provided any caselaw to support its argument that these assertions if true create *per se* violations of NRS Chapter 116 which require setting aside the foreclosure sale. However, the Court does find that these assertions can be encompassed in Deutsche Bank's equitable claims to

be considered at trial. Thus, the Court dismisses these claims to the extent they are asserted as *per se* violations, but allows them to proceed as part of an equitable claim to set aside the foreclosure.

### f. Bona Fide Purchaser

The Court now turns to the parties' disputes over the bona fide purchaser doctrine. A bona fide purchaser is one who "takes the property 'for a valuable consideration and without notice of the prior equity, and without notice of facts which upon diligent inquiry would be indicated and from which notice would be imputed to him, if he failed to make such inquiry.'" Shadow Wood HOA v. N.Y. Cmty. Bancorp., 366 P.3d 1105, 1115 (Nev. 2016) (quoting Bailey v. Butner, 176 P.2d 226, 234 (Nev. 1947). The Court finds a genuine issue of material fact exists regarding the Trust's status as a bona fide purchaser. Indeed, the president of the trust—Edward Kielty—was the president of the same company that attempted to deliver the rejected tender. Based on these facts, the Court finds a genuine issue of material fact remains as to the Trust's knowledge of the deed of trust and the disputes regarding tender.

### g. Timing of Deutsche Bank's Interest

The Trust argues that the Court may grant summary judgment in favor of Defendants based on two dates: the date of the decision in SFR Investments Pool 1 v. US Bank, 334 P.3d 408, 410 (Nev. 2014) and the date on which Deutsche Bank acquired its interest. The Trust contends that Deutsche Bank acquired its interest no earlier than October 19, 2015, as evidenced by the assignment of deed of trust recorded on November 5, 2015. However, the November 2015 assignment was a corrective assignment. Thus, the argument is meritless. To the extent that the Trust contends the original assignment is void and the corrective assignment should dictate the date on which Deutsche Bank acquired an interest, the Court finds the briefing is insufficient to consider the argument.

### h. Adequate Remedy at Law

The HOA argues that equity does not lie because Deutsche Bank has an adequate remedy at law to enforce the obligations under the promissory note, *e.g.* a breach of contract claim. The Court disagrees. Deutsche Bank seeks to reinstate its property interest to secure the obligations

///

owed under the note—a remedy that a breach of contract claim would not provide. The Court therefore rejects this argument.

### i. Unjust Enrichment

The HOA argues for summary judgment on the unjust enrichment claim, arguing it has not retained a benefit conferred on it by Deutsche Bank. Deutsche Bank argues that it conferred a benefit by paying the taxes, insurance, and assessments to protect the condition of the property. This in turned benefitted the HOA's ultimate financial condition. "Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is 'acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof.'" Certified Fire Prot. Inc. v. Precision Constr. Inc., 283 P.3d 250, 257 (Nev. 2012). The Court agrees with the HOA. Deutsche Bank has not provided evidence that it remitted funds to the HOA or that the HOA retained more funds than appropriate from the foreclosure sale. Moreover, Deutsche Bank made payments to preserve its own interest and value in the property. The fact that this may also benefit the HOA in the context of a foreclosure sale does not transform Deutsche Bank's self-interested payments into a basis for an unjust enrichment claim. Thus, the Court dismisses this claim against the HOA.

### j. Breach of Contract, Fraud/Misrepresentation, Breach of Good Faith and Fair Dealing, Tortious Interference, Negligence Claims

The Court now turns to the Plaintiffs contract, quasi-contract, and tort claims. The Court dismisses all of these claims. The Court finds that the Plaintiff essentially seeks to use the content of the CC&R's to create contractual and tort claims in order to circumvent the Nevada Supreme Court's decision in SFR Investments. 334 P.3d at 418–19 (holding that contract terms in the CC&Rs cannot override or alter the effect of the statutory scheme in NRS Chapter 116). Plaintiff cannot get around the effect of NRS Chapter 116 as it relates to the CC&R's simply by relabeling such claims as contract or tort claims. Plaintiff's fundamental dispute is with the operation of the statutes and not the conduct of the HOA.

///

Deutsche Bank's contract claims also fail as the CC&Rs were not made for "its direct benefit and that it is an intended beneficiary of the contract." Meritage Homes of Nevada, Inc. v. FNBN-Rescon I, LLC, 86 F. Supp. 3d 1130, 1143 (D. Nev. 2015). Status as an intended beneficiary must be made clear from the plain language of the agreement. Id.; see also Lipshie v. Tracy Inv. Co., 566 P.2d 819, 824–25 (Nev. 1977).

It would also be an unreasonable interpretation of the terms of the contract and in violation of public policy for the Court to construe the CC&R's as operating contrary to Nevada law. Rivero v. Rivero, 429, 216 P.3d 213, 226 (Nev. 2009)(noting that "[p]arties are free to contract, and the courts will enforce their contracts if they are not unconscionable, illegal, or in violation of public policy"); Shelton v. Shelton, 78 P.3d 507, 510 (Nev. 2003) (noting preference under Nevada law for "reasonable" interpretation of contract terms).

Moreover, Deutsche Bank fails allege any legally cognizable duty that Defendants had to Deutsche Bank which Defendants violated or breached. The Court has already addressed the issue of notice argued by Deutsche Bank and found the notice in this case to be consistent with Nevada law. This is not to say that Plaintiff cannot proceed on its equitable claims, but it is to clarify that Deutsche Bank has not separately identified a legal duty which Defendants violated. It is axiomatic that the CC&R's cannot as a matter of public policy create a duty for the HOA to act contrary to the operation of NRS Chapter 116.

These claims are therefore dismissed.

### k. Claims for Injunction

The Court finally turns to the claim and the counterclaim, for injunctive relief, finding that the claims are not a stand-alone claim. Injunctive relief is instead solely a form of relief. The Court dismisses claim four and counterclaim two as a result.

## VI. CONCLUSION

**IT IS ORDERED** that Deutsche Bank National Trust Company's Motion for Leave to File Notice of Supplemental Authorities (ECF No. 49.) is GRANTED. The Clerk of the Court is instructed to file the Notice of Supplemental Authorities at ECF No. 49-1.

**IT IS FURTHER ORDERED** that Edward Kielty Trust's Motion for Summary Judgment (ECF No. 33) is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that Canyon Trails Homeowners Association's Motion for Summary Judgment (ECF No. 37) is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that Deutsche Bank National Trust Company's Motion for Summary Judgment (ECF No. 34) is DENIED.

**IT IS FURTHER ORDERED** that a status conference is set in the case for May 15, 2019 at 4:00 PM in LV Courtroom 7C to set the trial date.

DATED: March 31, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**