# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2006-17, ASSET-BACKED CERTIFICATES SERIES 2006-17,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD KIELTY TRUST; an entity of unknown form; CANYON TRAILS HOMEOWNERS ASSOCIATION, a Nevada non-profit corporation; TERRA WEST COLLECTIONS GROUP, LLC d/b/a ASSESSMENT MANAGEMENT SERVICES; DOE INDIVIDUALS I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants.<br><br>EDWARD KIELTY TRUST, a Nevada Trust,<br><br>Counterclaimant,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR GSAA HOME EQUITY TRUST 2006-17, ASSET-BACKED CERTIFICATES SERIES 2006-17,<br><br>Counterdefendant. | Case No. 2:17-cv-01759-RFB-BNW<br><br>ORDER |

## I.   INTRODUCTION

Before the Court are is Plaintiff Deutsche Bank National Trust Company's ("Deutsche Bank") Motion for Reconsideration. ECF No. 54. For the following reasons, the Court grants the

motion.

## II. PROCEDURAL BACKGROUND

This matter arises from a nonjudicial foreclosure sale conducted by a homeowners' association under Nevada Revised Statutes ("NRS") Chapter 116 in 2014. ECF No. 1.

Plaintiff Deutsche Bank sued Defendants Edward Kiely Trust ("the Trust'), Canyon Trails Homeowners Association (the "HOA"), and Terra West Collections Group, LLC dba Assessment Management Services ("Terra West") on June 26, 2017. Id. In the complaint, Deutsche Bank alleges sought declaratory relief that a nonjudicial foreclosure sale conducted Chapter 116 of the Nevada Revised Statutes ("NRS") did not extinguish the deed of trust it held on a Las Vegas property. On July 12, 2017, Deutsche Bank also filed a notice of lis pendens. ECF No. 4.

On August 14, 2017, the Trust answered the complaint and filed two counterclaims against Deutsche Bank: (1) declaratory relief or quiet title under NRS 30.010 *et seq.*, NRS 40.010, and NRS 116.3116 and (2) preliminary and permanent injunction. ECF No. 9. Deutsche Bank answered the counterclaim on September 21, 2017. ECF No. 15.

On October 6, 2017, Deutsche Bank moved the Clerk of the Court for entry of default against Terra West and the HOA. ECF Nos. 19, 20. The Clerk entered default against both Defendants. ECF No. 21. But the HOA was reinstated in the matter by the parties' stipulation to set aside the Clerk's entry of default as to the HOA. ECF No. 23, 24. The HOA then answered the complaint. ECF No. 25.

The Trust, Deutsche Bank, and the HOA all moved for summary judgment on May 11, 2018. ECF Nos. 33, 34, 37. On March 31, 2019, the Court granted and denied in part the Trust and the HOA's motions for summary judgment, and denied Deutsche Bank's motion for summary judgment in its entirety, on the basis that there questions of material fact as to the amount of the superpriority portion of the lien. ECF No. 52.

Deutsche Bank moved for reconsideration of the Court's order on April 18, 2019. ECF No. 54. Responses and replies were filed. ECF Nos. 55, 57 – 59. On May 15, 2019, the Court held a hearing on the motion. ECF No. 61. The Court took the motion under submission pending supplemental briefing. Id. The supplemental briefing has been filed. ECF Nos. 62, 63. This written

order now follows.

### III. LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure allows parties to move to alter or amend a judgment within twenty-eight days of entry of the judgment. Fed. R. Civ. P. 59(e). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003). However, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation omitted). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id. (internal quotation and citation omitted). Moreover, "[m]otions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions." LR 59-1.

### IV. DISCUSSION

In its March 31, 2019 Order, the Court found that there was a dispute of material fact as to whether the superpriority portion of the lien had been paid. After the Court's decision, Deutsche Bank now moves the Court to reconsider its position on this issue in light of the Nevada Supreme Court's ruling in Bank of America, N.A. v. SFR Investments Pool 1, LLC ("Diamond Spur"), which came out after the parties had already briefed their summary judgment motions. 427 P.3d 113 (Nev. 2018). In Diamond Spur, the Nevada Supreme Court found that tender of nine months' worth of HOA assessments, absent any indication of charges of maintenance or nuisance abatement, could preserve a deed of trust after a nonjudicial HOA foreclosure sale. Id. at 117–18.

1   Deutsche Bank argues that the evidence in the record demonstrates that Deutsche Bank's
2   predecessor-in-interest tendered nine months of HOA assessments and that because there was no
3   evidence in the record of maintenance or nuisance and abatement charges, Diamond Spur controls
4   and summary judgment should be granted in its favor.

5   The Trust argues in opposition that Deutsche Bank did not address the possibility of there
6   being maintenance and nuisance abatement charges, and that the Court already considered
7   Diamond Spur in its analysis when it granted Deutsche Bank's leave to file supplemental authority.

8   At a May 15, 2019 hearing on the motion for reconsideration, the Court instructed defense
9   counsel for the Trust to identify any documents from the record that established whether there
10  were maintenance and nuisance abatement charges. The Court specifically emphasized that it was
11  not reopening discovery or allowing for the submission of new evidence.

12  Yet that is exactly what the Trust has done, producing for the Court a document that was
13  not part of the record. The document is an account history report for the property, that, in this
14  specific form, was not previously provided to the Court. The Trust identifies four charges that
15  "could" be considered maintenance and nuisance abatement charges.

16  Deutsche Bank argues that the document is new evidence and should be not be considered
17  by the Court. The Court agrees and will not consider the Trust's documents. The Court also
18  incorporates by reference its previous factual findings. Accordingly, the Court shall grant Deutsche
19  Bank's motion for reconsideration, as Diamond Spur was an intervening change of controlling
20  law.

21  The Court also takes this opportunity to correct its prior order to the extent that it held that
22  whether the Trust was a bona fide purchaser was a question of material fact. The Court corrects
23  this finding in light of Diamond Spur's clear holding that whether the buyer is a bona fide
24  purchaser is irrelevant when there is a defect in the sale that renders it void as to the superpriority
25  portion of the lien. Diamond Spur, 427 P.3d at 121.

26  **V.    CONCLUSION**

27  **IT IS ORDERED** that Deutsche Bank National Trust Company's Motion for
28  Reconsideration (ECF No. 54.) is GRANTED. The Court quiets title and declares that Defendant

Edward Kielty Trust acquired the property subject to Deutsche Bank's deed of trust.

**IT IS FURTHER ORDERED** that the Court's prior holding that whether Defendant Edward Kielty is a bona fide purchaser is a question of fact is stricken from the March 31, 2019 Order (ECF No. 52) in light of this Order's analysis.

**IT IS FURTHER ORDERED** that the notice of lis pendens (ECF No. 4) filed in this case be expunged.

The Clerk of the Court is instructed to enter judgment accordingly and close the case.

DATED: March 25, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**